IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00594-RBJ

JARNAIL SINGH,

      Petitioner,

v.


PAMELA BONDI, KRISTI NOEM,
TODD M. LYONS, JUAN BALTAZAR,
in their official capacities,

      Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner Jarnail Singh's (petitioner) "Petition for a Writ of Habeas Corpus and Request for Order to Show Cause" (Petition). ECF No. 1. The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner, a citizen and national of India, entered the United States on April 30, 2024. *Id.* at ¶ 55. On November 6, 2025, petitioner was arrested during a routine

1

traffic stop and taken into the custody of U.S. Immigration and Customs Enforcement ("ICE"). *Id.* at ¶ 57. He was subsequently issued a Notice to Appear ("NTA") for removal proceedings as a noncitizen present in the United States without admission or parole. *Id.* at ¶¶ 2, 58  He is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at ¶ 11.

Petitioner asserts that his current mandatory detention violates his statutory right to a bond hearing, his constitutional due process rights, ICE's own binding regulations, and the Administrative Procedure Act. *See id.* at ¶¶ 61-99.

Petitioner requests that this Court, *inter alia*, order his immediate release, or alternatively, a bond hearing before an Immigration Judge within seven (7) days where respondents bear the burden of proof to justify his continued detention. *Id.* at 26. Petitioner also requests that this Court restrain respondents from transferring him "outside the United States District Court for the District of Colorado while this habeas petition is pending." *Id.*

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A). *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025). The Court has ordered this preliminary relief in numerous cases presenting this same issue, and will order this relief here. *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated. At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Friday, March 20, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED

TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: March 19, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

4