IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00594-RBJ

JARNAIL SINGH,

        Petitioner,

v.

TODD BLANCHE, MARKWAYNE MULLIN,
TODD LYONS, JUAN BALTAZAR,[1]
in their official capacities,

        Respondents.

---

**ORDER**

---

Before the Court is the petitioner Jarnail Singh's ("petitioner" or "Mr. Singh") Petition for a Writ of Habeas Corpus (Petition).  ECF No. 1.  Among other relief, petitioner seeks an order granting his immediate release from custody, or, in the alternative, requiring respondents to provide him a prompt bond hearing before an Immigration Judge ("IJ").[2]  ECF No. 1 at 26.  For the reasons below, the Court finds

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche and Markwayne Mullin have automatically been substituted in their official capacities as Acting Attorney General of the United States and Secretary for the Department of Homeland Security ("DHS"), respectively.

[2] Mr. Singh also requests that the Court enjoin respondents from transferring him outside the District of Colorado or removing him from the United States during the pendency of this litigation. ECF No. 1 at 26.  The Court previously granted this relief, ECF No. 5, and that Order remains in effect.

1

that Mr. Singh's mandatory detention is unlawful and orders that respondents provide him with a bond hearing within seven (7) days of this Order.

### A. Mr. Singh's mandatory detention is unlawful

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others that this Court has decided raising this precise issue. ECF No. 10 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)).

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*,

*Espinoza Ruiz v. Baltazar*, 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case).  The Court is aware of and has read the split decisions from the Fifth and now Eighth Circuits adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded.  *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, ---F.4th---, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Instead, the Court respectfully agrees with the dissenting judge in *Buenrostro* that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." 2026 WL 323330 at *11 (Douglas, J., dissenting).  The dissenting judge in *Avila* makes essentially the same points.  2026 WL 819258 at *7 (finding that majority's interpretation "is not supported by the plain meaning of 'seeking,' the context of the [Immigration and Nationality Act], or the history of the [Illegal Immigration Reform and Immigration Responsibility Act]") (Erikson, J., dissenting).

In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue would logically lead to the same result here.  ECF No. 10 at 3.  Because the Court grants the Petition on the statutory

grounds (Count One), it does not reach petitioner's procedural and substantive due process claims (Counts Two and Three), and claims under ICE's regulations and the Administrative Procedure Act (Counts Four and Five). *See Leyva Ramirez v. Baltasar*, 26-cv-00199-NYW, 2026 WL 318989, at *3-4 (D. Colo. Feb. 6, 2026).

## B. The proper remedy is a bond hearing

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Muñoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Absent special circumstances, the appropriate relief for this violation is for the noncitizen to receive a prompt bond hearing before an Immigration Judge because that is mechanism for release under § 1226(a). *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same). This conclusion is consistent with the vast weight of authority in this district. *See, e.g.*, *Montanez de la Cruz*, 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17, 2026) (finding that a bond hearing was the proper remedy because § 1226(a) still permits discretionary detention); *Leyva Ramirez*, 2026 WL318989, at *4 (same);

*Solis Guttierez v. Mullin*, 26-cv-01287-NRN, 2026 WL 925535, at *3 (D. Colo. Apr. 6, 2026).

At the bond hearing, the government must bear the burden of proving that Mr. Singh is a danger to the community or a flight risk by clear and convincing evidence in order to maintain detention. This Court has previously explained that where the government mandatorily detains a noncitizen for months under the wrong statute, "due process demands a burden-shifted hearing." *Vences Nuñez*, ECF No. 10 at *5. Again, the Court incorporates by reference and adopts in full the reasoning set out in its prior Order *Id.* at *4-10.

Pertinently here, petitioner alleges that "he has significant ties to the United States, possesses valid employment authorization and has maintained stable, lawful employment. He also holds a valid driver's license and has never been arrested or convicted of any crime. Furthermore, he has a pending asylum application because he fears returning to his native country." ECF No. 1 at ¶ 58. While the Court recognizes that "an immigration judge is in a better position to consider whether Petitioner poses a flight risk and a danger to the community," assuming the truth of these facts, on its face, Mr. Singh presents as a strong candidate for release on bond and/or other conditions. *Perez Zepeda v. Hagan*, No. 25-cv-3789-SKC-STV, ECF No. 18, at 17 (D. Colo. Jan. 27, 2026).

Therefore, it is hereby ORDERED that:

5

1. The Petition, ECF No. 1, is GRANTED to the extent that respondents are directed to provide petitioner with a bond hearing before an Immigration Judge within seven (7) days of this Order.

2. Respondents SHALL NOT deny petitioner a bond hearing on account of the fact that petitioner has not received an initial custody determination by the Department of Homeland Security.

3. At the bond hearing, respondents SHALL bear the burden of proof by clear and convincing evidence to maintain petitioner's detention. If the Immigration Judge decides that bond is appropriate, he must consider petitioner's financial circumstances and ability to pay in setting the bond.

4. If release is granted, respondents SHALL NOT impose additional release conditions other than those ordered by the Immigration Judge. Furthermore, the government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for bond under 8 U.S.C. § 1226(a).

5. The parties SHALL, within five (5) days of petitioner's bond hearing, file a joint status report stating whether petitioner was granted bond, and if not, the reasons why bond was denied.

6. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: April 9, 2026                    BY THE COURT:


R. Brooke Jackson
Senior United States District Court Judge