IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00594-RBJ

JARNAIL SINGH,

       Petitioner,

v.

TODD BLANCHE,[1] MARKWAYNE MULLIN,
TODD LYONS, JUAN BALTASAR,
in their official capacities,

       Respondents.

---

## ORDER

---

Before the Court is the petitioner Jarnail Singh's ("petitioner" or "Mr. Singh") Motion to Enforce Judgment (the "Motion" or "Motion to Enforce").  ECF No. 12. The Motion is fully briefed.  ECF No. 12; ECF No. 14.  For the reasons below, the Motion is DENIED.

### A.  Relevant Background

Mr. Singh is a 27-year-old Indian national.  ECF No. 1 at ¶ 20.  On April 30, 2024, petitioner entered the United States without inspection and has lived here ever

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche has been automatically substituted in his official capacity as Acting Attorney General of the United States.

since. *Id.* at ¶ 55. While living here, he has never been arrested or convicted of any crime. *Id.* at ¶ 58. On November 6, 2025, Mr. Singh was detained by police officers during a traffic stop. *Id.* at ¶ 56. During the stop, the police contacted U.S. Immigration and Customs Enforcement ("ICE"), and Mr. Singh was taken into custody. *Id.* He has been held in immigration detention ever since and is presently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*

On November 23, 2025, petitioner was issued a Notice to Appear ("NTA"), charging him as an alien present in the United States who has not been admitted or paroled. *Id.* at ¶ 57. That NTA was filed with the immigration court on November 28, 2025, thereby commencing his removal proceedings. *Id.* Fast forward to April 9, 2026, this Court granted habeas relief and ordered that petitioner receive a bond hearing before an Immigration Judge ("IJ") within seven days of the order. ECF No. 11. In that Order, this Court ordered that the burden of proof shift so that the respondents bore the burden of proof by clear and convincing evidence "to maintain petitioner's detention." *Id.*

Unbeknownst to this Court when it issued that April 9th Order, ECF No. 11, petitioner underwent removal proceedings on April 10, 2026. At that removal proceeding, Mr. Singh's requests for asylum, withholding or removal, and CAT protection were denied. ECF No. 12 at 3. Even though that removal proceeding pre-dated his bond hearing, petitioner's bond hearing was held on April 14, 2026

2

before Immigration Judge Bobbie C. Masters.  ECF No. 14-2 at 5.  At that hearing, IJ Masters denied Mr. Singh request for a bond.  *Id.*  Petitioner alleges that IJ Masters did not comply with this Court's April 9th Order to place the burden on the government to justify his continued detention.  ECF No. 12 at 4.  To support this allegation, petitioner points to the IJ's conclusory, two-sentence written order: petitioner was "found not credible, I-589 denied, and ordered removed at his Individual Hearing on April 10, 2026."  *Id.*

Mr. Singh filed this Motion to Enforce, arguing that his bond hearing was constitutionally inadequate and requesting that he be released.  *Id.*  The Government responded.  ECF No. 14.  Perhaps concerned about the brevity of the IJ's order, respondents attached as an exhibit to their response an "emergency" motion they had filed on May 1, 2026 in the immigration court requesting that the IJ issue a written order in support of its April 14, 2026 order.  ECF No. 14-3.  On June 8, 2026 this Court, by minute order, requested an update on that motion in the immigration court. On June 30. 2026, the Court received an update which included a more robust written order from the IJ explaining why she denied Mr. Singh bond.  ECF No. 17 and 17-3.

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." However, federal courts retain jurisdiction to review habeas judgments in order to

3

confirm that the judgment complies with its own orders and the minimum protections afforded by the Constitution. *See Gall v. Scroggy,* 603 F.3d 346, 352 (6th Cir. 2010). IJ Masters' summary order following the April 14, 2026 hearing did not explain in a meaningful way what burden of proof she applied or how she reached her decision that Mr. Singh was a flight risk.

IJ Masters' written decision June 23, 2026 states that she based her decision on five grounds: (1) Mr. Singh's illegal entry into the U.S.; (2) his having been in the U.S. for a short period, i.e., since 2024; (3) his lack of family ties in the U.S.; (4) the absence of any statement in the record from a prior employer about his prospects for employment if released; and (5) the finding by a different IJ from his April 10th asylum hearing that Mr. Singh had various inconsistencies in his application that made him not credible. ECF No. 17-2 at 3. She continues, "Given all the foregoing, the Court therefore concludes that DHS met its burden of proof by clear and convincing evidence [that] Respondent's ongoing detention is justified because his release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." *Id.*

It is not clear where the evidence considered by IJ Masters at the April 14, 2026 bond hearing or the evidence considered by the IJ at the April 10, 2026 asylum hearing on which IJ masters relied came from, that is, how much of it was provided by Mr. Singh, how much was provided by counsel or other DHS representatives, and

4

how much was provided by records in the possession of DHS.  The order from June 23, 2026 cited administrative case law indicating that an IJ may consider any evidence available to her, and that she concluded from all available evidence that DHS had met its burden by clear and convincing evidence.  Two IJs have now addressed Mr. Singh's situation.  The denial of his request for asylum is currently pending appeal in front of the BIA, which ensures another set of eyes on his case.  Subjecting the IJ's decision to additional scrutiny by this Court considering this history essentially would amount to the Court's impermissibly reweighing the evidence.  On the record before this Court, petitioner has failed to demonstrate that the IJ misapplied the burden of proof.  Therefore, this Court will deny petitioner's motion to enforce.  *See Tepehua-Tlapaltotoli v. Noem,* No. 2:26-cv-00116-KG-GJF, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing [in the record] demonstrates that the IJ failed to apply that burden-shifting framework. . . .  This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

Therefore, it is hereby ORDERED that the Motion to Enforce, ECF No. 12, is DENIED.  It is further ORDERED that this case is closed.

Dated: June 30, 2026                    BY THE COURT:

<br>

<br>

5

R. Brooke Jackson
Senior United States District Court Judge